IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARMANDO P. LOSOYA, | § | |
|     Plaintiff, | § | |
| v. | § | NO. EP-3:15-CV-00390-RFC |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On January 24, 2013, Plaintiff filed an application for DIB, alleging a disability onset date of May 9, 2012. (R:142) His alleged disability stemmed from problems with his wrist. (R:175) His application was denied initially and on reconsideration. (R:56-57, 66-67) Plaintiff filed a request for a hearing, which was conducted on September 17, 2014. (R:28-48) The Administrative Law Judge ("ALJ") issued a decision on December 11, 2014, denying benefits. (R:14-22) The

Appeals Council denied review. (R:1-6)

**ISSUE**

Plaintiff presents the following issue for review:

1. Whether the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence. (Doc.16:2)

Plaintiff contends that the ALJ's RFC determination that he retains the ability to perform light work[1] is not supported by substantial evidence and is the result of legal error. (Doc. 16:2) Plaintiff contends the ALJ failed to properly accommodate Plaintiff's left upper extremity limitations when she determined the RFC. (Doc.16:3) He further contends that the ALJ's finding that Plaintiff has the RFC to perform light work that involves frequent fine and gross manipulation with his left arm and hand is inconsistent with the evidence of record. (*Id.*) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (Doc.16:7, 8) Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions. (Doc.17:4, 9, 10)

**DISCUSSION**

*I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal

---

[1] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.") Additionally, SSR-83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet

this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Shweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Anderson v Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

In the present case, the ALJ found that Plaintiff had severe impairments of: traumatic injury of the left wrist; status post ulnar shortening osteotomy; arthroscopy; ganglion cystectomies; and, carpal tunnel syndrome of the left wrist. (R:16) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:17) After considering the entire record, she determined that Plaintiff retained the RFC to perform light work, except that he can perform frequent, but not constant, fine and gross manipulation with the non-dominant left arm and hand. (R:18) The ALJ determined that Plaintiff retained the capacity to perform his past relevant work as a mail clerk and mailroom supervisor. (R:21) Consequently, she found that Plaintiff was not disabled. (R:22)

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

RFC is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's

discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529

In arriving at her RFC determination, the ALJ relied primarily on the medical evidence in this case. This included opinions provided by state agency physicians Dr. Robin Rosenstock and Dr. Scott D. Spoor, who both concluded that Plaintiff was not disabled. (R:56-66) They both opined that Plaintiff could perform activities consistent with light work that required no more than frequent handling and fingering with the left hand. (R:52-53, 62-63). These opinions help to supply substantial evidence in support of the ALJ's RFC determination.

The ALJ also relied on other medical evidence of record, i.e., the opinion of physical therapist Isaac Montes, OTR, who concluded that Plaintiff could perform work at the light to medium exertional levels, with frequent overhead lifting at the sedentary exertional level. (R:20-21, 498-500). Mr. Montes observed that Plaintiff could repetitively lift thirty-five pounds from floor level and twenty-five pounds from the knee level, could occasionally lift fifteen pounds over his head and could carry twenty five pounds a distance of thirty feet. (R:499) The ALJ did not accept Mr. Montes' opinion entirely but did so to the extent that it showed that Plaintiff could perform light work. (R:21) Thus, the ALJ rejected Mr. Montes' opinion that Plaintiff had additional overhead

5

lifting limitations because such did not reflect Dr. Bell's observation that Plaintiff had a full range of motion in his left shoulder and elbow in August of 2013. (R:21) Such a determination is within the ALJ's discretion.

The ALJ chose to give treating physician Dr. Bell's opinion very little weight. Regarding his conclusion that Plaintiff cannot work, the ALJ determined that this conclusion reached an issue which was reserved to the Commissioner, and was deserving of little weight. (R:20) This determination by the ALJ is supported by law. *See, e.g., Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Dr. Bell also concluded that Plaintiff could not lift any weights, had severe walking and standing restrictions, and would be limited in sitting, pushing, and pulling. (R:443-444) He also opined that Plaintiff could never climb, balance, kneel, crouch, crawl, or stoop, and would have limits in reaching, handling, fingering, and feeling, *inter alia.* (R:444-445)

The ALJ assigned Dr. Bell's opinion very little weight for numerous reasons. First, the ALJ pointed out that Dr. Bell's opinion that Plaintiff can never lift did not reflect his observations that Plaintiff's left shoulder and elbow had normal strength and range of motion. (R:20, 471-472) In addition, Dr. Bell's opinion that Plaintiff can never climb, balance, kneel, crouch, crawl, stoop, or do any standing or walking are contrary to Plaintiff's own description of activities of daily living such as driving a car, grocery shopping, and swimming. (R:20) The Court can consider daily activities when determining a claimant's disability status. *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995). In addition, Dr. Bell's opinion conflicts with observations made by J. Calderon, who on January 24, 2013, while interviewing Plaintiff for a Disability Report, saw that Plaintiff had no difficulties sitting, standing, walking, writing, and using his hands. (R:172) Consequently, a review of the record shows that Dr. Bell's opinion is at odds with all the rest of the medical evidence

of record as well as non-medical evidence of record. The ALJ acted within her discretion in assigning little weight to Dr. Bell's opinion. While a treating physician's opinion generally deserves considerable weight, the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). Good cause exists where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005). Such was clearly the case here.

Unfortunately for Plaintiff, the question here is not whether there is some or even substantial evidence supporting Plaintiff's disability claim, but whether there is substantial evidence, which may be less than a preponderance of the evidence, to support the Commissioner's determination. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). In reviewing Plaintiff's no-substantial-evidence claim, the Court has considered the record as a whole and has taken "into account whatever in the record fairly detracts from its weight." *See Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). The ALJ found that statements made by Plaintiff regarding the intensity, persistence and limiting effects of his impairments were not credible to the extent that they were inconsistent with the RFC arrived at by her. (R:18, 22) It is within the ALJ's discretion to resolve conflicting evidence, including conflicting medical evidence. *See Jones v. Heckler*, 702 F.3d 616, 621 (5th Cir. 1983). To whatever degree the isolated evidence highlighted by Plaintiff might detract from the weight of the rest of the evidence in the record, it falls far short of that required to establish a no-substantial-evidence claim. Plaintiff fails to preponderate against the ALJ's determination, much less establish a "conspicuous absence of credible choices" or "contrary medical evidence." *See Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

The ALJ considered whether the evidence of record as a whole was consistent with Plaintiff's alleged limitations. The only evidence supporting or consistent with additional limitations was Plaintiff's testimony and the treating physician's opinion, which the ALJ partially rejected and found credible only to the extent it was consistent with her RFC assessment, and thus, not credible to the extent Plaintiff alleged greater limitations. It is for the ALJ and not the court to weigh the evidence and make credibility determinations. The ALJ addressed the relevant evidence, made credibility determinations, and explained the reasons for her RFC determination. Review of the objective medical evidence supports the ALJ's findings and RFC determination. Plaintiff's subjective complaints are insufficient to support his claims of disability. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination, that there was no need to proceed to step five of the sequential evaluation process, and that no reversible error exists in this case.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on September 19, 2016.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE